COURT OF APPEALS
DECISION
DATED AND FILED

November 19, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP920-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF520

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANTONIO BERNARD TAYLOR,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Antonio Bernard Taylor appeals a judgment convicting him of second-degree sexual assault of a child. On appeal, Taylor contends he was denied his right to self-representation and the State failed to comply with the Interstate Agreement on Detainers (IAD) deadline for trying his case. We reject Taylor's arguments and affirm.

## BACKGROUND

¶2 In February 2016, a criminal complaint was filed in the Milwaukee County Circuit Court charging Taylor with one count of second-degree sexual assault of a child, S.S.G.[1] According to the complaint, Taylor allowed fourteen-year-old S.S.G. to live with him after she ran away from home. Between November 2014 and January 2015, Taylor repeatedly sexually assaulted S.S.G., and she became pregnant with his child.

¶3 At the time the complaint was filed, Taylor was serving an unrelated sentence in California. In June 2017, Taylor submitted a request for a disposition of detainer pursuant to the IAD. He was therefore extradited to Wisconsin to face the second-degree sexual assault charge.

¶4 At the initial bail hearing, the State informed the court that the deadline for trying Taylor's case would expire on December 24, 2017, pursuant to the IAD. Taylor requested a speedy trial and a jury trial was scheduled to begin on December 4, 2017.

---

[1] Pursuant to WIS. STAT. RULE 809.86(4) (2021-22), we refer to the victim by her initials. All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶5 On November 6, 2017, Taylor's appointed counsel moved to withdraw based on a breakdown of communication. The circuit court held a hearing on the motion. Taylor told the court that his attorney had made "inappropriate" comments and he "don't want nobody, like, representing me, period." The court denied counsel's motion finding that the complaints about communication were insufficient.

¶6 On November 22, 2017, Taylor's appointed counsel filed a second motion to withdraw, stating there was a breakdown in communication and there "exists a conflict of interest in this counsel continuing to represent [Taylor]."

¶7 On November 27, 2017, a hearing was held on counsel's motion to withdraw.[2] The circuit court addressed Taylor and informed him that if appointed counsel was allowed to withdraw, the court would consider this a waiver of Taylor's request for a speedy trial and a prompt disposition. However, the trial date could be preserved if Taylor was requesting to represent himself. Taylor confirmed that he was requesting to "represent myself pro se."

¶8 The circuit court swore Taylor in as a witness and conducted a colloquy on his self-representation request. During the colloquy, the court inquired about Taylor's background, including his age, education level, job history, marital status, and mental health. Taylor informed the court that he had "[a] whole bunch" of mental health issues. Taylor told the court that he had "[p]aranoid schizophrenia, bipolar, depression, [and] ADHD[.]" The court then inquired whether Taylor was receiving any treatment while in custody. Taylor

---

[2] We note that during the hearing, the circuit court incorrectly referenced WIS. STAT. § 971.11, the intrastate detainer statute.

3

responded affirmatively, but stated that he discontinued medication against the advice of his medical professionals. The court asked when Taylor last heard a voice or had a hallucination related to his mental health, and Taylor said "[i]t is daily, comes all the time, just comes when it comes."

¶9 The circuit court then asked Taylor a series of questions about the charge, penalty, and the nature of criminal proceedings. The court also discussed the advantages of counsel and disadvantages of proceeding *pro se*. The court confirmed that Taylor had not been pressured by anyone to waive his right to counsel and was not made any promises that would have influenced his decision.

¶10 The circuit court found that Taylor was not competent to represent himself and was not knowingly, intelligently, and voluntarily waiving his right to counsel. The court therefore denied Taylor's request to proceed *pro se* and instead granted counsel's motion to withdraw so that successor counsel could be appointed. The trial date was removed from the calendar.

¶11 After successor counsel was appointed, a competency evaluation was ordered. Several days later, successor counsel filed a motion to withdraw. The motion asserted that Taylor had become "volatile, hostile and confrontational."

¶12 On May 11, 2018, the circuit court found Taylor competent to proceed to trial and also allowed Taylor's second attorney to withdraw. During the hearing, Taylor repeatedly interrupted and cursed at the circuit court. Due to the need to appoint another attorney, the upcoming trial was adjourned. The court found that Taylor's conduct waived his speedy trial and prompt disposition rights. The court also found Taylor in contempt for his behavior.

4

¶13    In January 2019, Taylor proceeded to trial with counsel and was found guilty as charged. Taylor was sentenced to twelve years of initial confinement and eight years of extended supervision concurrent with his California sentence. Taylor now appeals.

## DISCUSSION

### I.    Taylor's Right to Self-Representation

¶14    On appeal, Taylor contends that he was denied his right to self-representation at the November 27, 2017 hearing.[3]

¶15    Both the United States Constitution and the Wisconsin Constitution grant criminal defendants the right to self-representation. *State v. Klessig*, 211 Wis. 2d 194, 202-03, 564 N.W.2d 716 (1997); *Faretta v. California*, 422 U.S. 806, 832 (1975). When a defendant seeks to represent himself or herself, the circuit court must ensure that the defendant: (1) has knowingly, intelligently, and voluntarily waived the right to counsel; and (2) is competent to proceed *pro se*. *Klessig*, 211 Wis. 2d at 203. If both conditions are met, the circuit court must allow the defendant to represent himself or herself. *Id.* at 204.

¶16    Whether Taylor's right to self-representation was violated presents a question of constitutional fact. *State v. Imani*, 2010 WI 66, ¶19, 326 Wis. 2d 179, 786 N.W.2d 40. "A finding of constitutional fact consists of the circuit court's findings of historical fact, which we review under the 'clearly erroneous standard,' and the application of these historical facts to constitutional principles, which we

---

[3] Taylor's brief refers to a November 24, 2017 hearing. The transcript Taylor cites reflects that the hearing took place on November 27, 2017, not November 24, 2017.

review *de novo*." **State v. Popke**, 2009 WI 37, ¶10, 317 Wis. 2d 118, 765 N.W.2d 569 (citation omitted; emphasis added).

¶17    In this case, we conclude that the circuit court properly denied Taylor's request to represent himself. As the circuit court found, Taylor was not competent to represent himself.[4]

¶18    In **Indiana v. Edwards**, the United States Supreme Court held that states may "insist upon representation by counsel for those competent enough to stand trial … but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." **Id.**, 554 U.S. 164, 178 (2008). The Court explained that a defendant who was fit to stand trial, but nevertheless lacked the mental capacity to carry out the tasks needed to present his or her own defense without the assistance of counsel would call into question the fairness of the proceedings in which he or she was unrepresented. **Id.** at 178-79. The Court further observed that circuit court judges are in the best position "to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant." **Id.** at 177.

¶19    Here, Taylor told the circuit court that he had "[p]aranoid schizophrenia, bipolar, depression, [and] ADHD[.]" Further, he stated that he had stopped taking his medication against the advice of medical professionals.

---

[4] Because we conclude that Taylor was not competent to represent himself, we do not address whether Taylor knowingly, intelligently, and voluntarily waived the right to counsel. *See* **State v. Blalock**, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (explaining that we resolve cases on the narrowest possible ground).

¶20    The parties agree that there must be a connection between a defendant's mental illness and his or her ability to represent themselves in court. Such a connection is present in this case. The circuit court found that Taylor "hears voices and/or hallucinates daily." This is corroborated in the record. When Taylor was asked how often he hallucinates or hears voices, he responded, "daily, comes all the time, just comes when it comes."[5] The fact that Taylor would be hallucinating and hearing voices during the trial would make him not capable of performing the "significantly expanded role required for self-representation even if he can play the lesser role of represented defendant." *Edwards*, 554 U.S. at 176.

¶21    Taylor contends that the circuit court's decision "impl[ies] that his mental illness made him categorically incompetent to represent himself." The circuit court, however, did not categorically find that Taylor was incompetent merely because he has a mental illness. Instead, the circuit court inquired as to what type of mental health problems Taylor suffered from, asked him whether he was receiving treatment, when he stopped taking medication, what types of medications were prescribed, the symptoms he was experiencing, and the last time he heard a voice or had a hallucination. Subsequently, the court, in finding that Taylor was not competent to represent himself, specifically noted his symptoms.

¶22    In addition, Taylor contends that the circuit court found him incompetent to represent himself as a "sanction" for refusing unwanted medication. Taylor also complains that the court's colloquy asked irrelevant questions, such as the number of children he had fathered, his marital history, and

---

[5] The competency report filed after the hearing also noted that Taylor experiences "visions" in addition to hearing voices.

7

what programming he had availed himself of in prison. The record; however, does not reflect that the court stated or implied that it was imposing a sanction for Taylor's refusal to take medication. Nor does the record reflect that the court relied on the information about Taylor's children, marital history, or programming participation when finding that Taylor was not competent to represent himself.

¶23     Thus, we conclude that the circuit court properly denied Taylor's self-representation claim.

## II.     The State's Compliance with the IAD

¶24     The IAD is "a congressionally approved interstate compact that establishes procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another." *State v. Tarrant*, 2009 WI App 121, ¶8, 321 Wis. 2d 69, 772 N.W.2d 750. The compact has been codified in Wisconsin in WIS. STAT. § 976.05.

¶25     The State calculated the deadline to try Taylor's case under the IAD as December 24, 2017. Taylor argues that the failure to try his case by this date should result in his case being dismissed with prejudice. Taylor notes that when his first attorney withdrew, the circuit court informed him that there would be no issue with conducting the trial within the deadline so long as he represented himself. Taylor then argues that by incorrectly denying his right to self-representation, the circuit court effectively denied him his right to a prompt

disposition. As discussed above, however, Taylor's self-representation claim fails. Thus, his IAD claim, which depends on his self-representation claim, also fails.[6]

¶26    Therefore, for all of the reasons above, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] The State also argues alternatively that the circuit court lawfully extended Taylor's IAD deadline for good cause. Because we conclude that the failure of Taylor's self-representation claim defeats his IAD claim, we do not address the State's alternative argument. *See* **Blalock**, 150 Wis. 2d at 703.